205 N.J. Super. 346 (1985)
500 A.2d 1075
TREE REALTY, INC., APPELLANT,
v.
DEPARTMENT OF TREASURY; SPILL COMPENSATION FUND OF NEW JERSEY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted April 23, 1985.
Decided June 6, 1985.
Before Judges PRESSLER, BRODY and COHEN.
Gordon & Gordon, attorneys for appellant (Michael Gordon, on the letter brief).
Irwin I. Kimmelman, Attorney General, attorney for respondent (James J. Ciancia, Assistant Attorney General, of counsel; Karen L. Suter, Deputy Attorney General, on the brief).
*347 PER CURIAM.
Appellant submitted a claim to the Spill Compensation Fund under the Spill Compensation and Control Act for damages caused by discharge of hazardous substances on its land. N.J.S.A. 58:10-23.11 et seq. The Fund denied the claim and refused to try to settle it or submit it to arbitration. Its thesis was that appellant was owner of the property; the discharger was its lessee; appellant was therefore responsible for the discharge and thus could make no claim against the Fund. Appellant appealed, and we now affirm.
In 1978 and 1979, appellant leased property in Elizabeth to Kit Enterprises, Inc., later known as Evergreen Environmental Industries, Inc. Kit was granted a one year State authorization to operate a solid waste facility. The authorization provided that Kit was responsible for all site cleanup and closure costs.
After the one year authorization expired, the Department of Environmental Protection refused to issue Kit a permanent certificate. In March 1982, while Kit was litigating with DEP, appellant dispossessed Kit. Ultimately, appellant sought relief in the Law Division in the form of an order requiring DEP to clean up the hazardous substances on appellant's property. The Law Division dismissed the complaint, ruling that DEP had no duty to complete the cleanup. There was no appeal.
After appellant completed the cleanup, as ordered by DEP, appellant submitted its claim to the Fund for compensation. It sought $159,525 for the cost of cleanup and an additional $63,000 for loss of income. The Fund denied relief, and appellant appealed to this court.
The Spill Compensation and Control Act was passed to control the transfer and storage of hazardous substances, to establish liability for damage sustained from the discharge of hazardous substances, to provide responsibility for containment and removal and to provide compensation for businesses and persons damaged by such discharge. N.J.S.A. 58:10-23.11a. The administrator of the Fund established by the Act is responsible *348 for money collected from a tax on the physical transfer of petroleum and other hazardous substances. N.J.S.A. 58:10-23.11h.
The Act gives DEP the option to see to the removal of an unlawful discharge of hazardous substances or to direct the discharger to do so. N.J.S.A. 58:10-23.11f.a. If it sees to the removal, it may draw upon the Fund to pay the costs. Any expenditures from the Fund constitute liens on the revenues and properties of the discharger. N.J.S.A. 58:10-23.11f.f. A discharger who is directed to remove a discharge and fails to do so is liable for three times the cost of the removal. N.J.S.A. 58:10-23.11f.a.
Dischargers are not the only ones liable for DEP's cleanup and removal costs. N.J.S.A. 58:10-23.11g.c provides:
Any person who has discharged a hazardous substance or is in any way responsible for any hazardous substance which the department has removed or is removing pursuant to subsection b. of section 7 of this act shall be strictly liable, jointly and severally, without regard to fault, for all cleanup and removal costs. (emphasis supplied)
In State, Dept. of Environ. Protect. v. Ventron Corp., 94 N.J. 473, 502 (1983), the Supreme Court held that the above quoted words, "in any way responsible," include any owners or controllers of the property at the time of the unlawful discharge. Thus, appellant is responsible as owner of the property for all cleanup and removal costs without regard to fault, and if DEP had performed the cleanup of the property, pursuant to N.J.S.A. 58:10-23.11f.b, instead of ordering appellant to do so, the Fund administrator could have recovered the costs from appellant, pursuant to N.J.S.A. 58:10-23.11g.c.
It is the same N.J.S.A. 58:10-23.11g that appellant invokes as creating its claim against the Spill Compensation Fund. If it had such a claim under subsection a of that section, then the administrator would have an equal and offsetting subrogation claim against appellant for the costs it incurred in paying appellant's claim. N.J.S.A. 58:10-23.11q. Thus, after a good deal of bookkeeping, the parties would resume the same posture *349 they held before appellant's claim was made. In these circumstances, there is no point in conferring on appellant an empty cause of action. Additionally, there is no point in submitting the matter to arbitration. N.J.S.A. 58:10-23.11j.a.(2), or attempting to arrange a settlement between appellant and the absent discharger Kit. N.J.S.A. 58:10-23.11 l.
Affirmed.